# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09-CV-385-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| APPROXIMATELY $345,762.38 SEIZED FROM ) | |
| NINE FINANCIAL ACCOUNTS AND ONE SAFETY ) | |
| DEPOSIT BOX, AND MISCELLANEOUS ) | |
| COUNTERFEIT ITEMS, ALL SUCH FUNDS AND ) | |
| ITEMS SEIZED DURING THE INVESTIGATION ) | |
| OF ELIZABETH LOPEZ, OMAR SALEM, DEALS ) | |
| DIRECT, INC., COMPUTERCITY.COM INC., ) | |
| DIRECT BUY, BUY DIRECT, THE COMPUTER ) | |
| WAREHOUSE, AND BUY DIRECT OUTLET, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion for Stay of Civil Forfeiture Proceedings" (Document No. 3) filed by the United States on September 18, 2009. The United States indicates it has conferred with counsel for Elizabeth Lopez and Omar Salem and that they do not oppose the stay. This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and immediate review is appropriate. Having carefully considered the entire record, the undersigned will **grant** the stay for the following reasons:

The United States moves pursuant to 18 U.S.C. § 981(g) for a stay of this civil forfeiture action because further proceedings at this time would interfere with a related criminal investigation. The United States indicates it is conducting a criminal investigation of the persons and entities named above, including Omar Salem and Elizabeth Lopez. The assets at issue here, including

counterfeit goods and currency, were seized in connection with several search warrants executed in March 2008. See Western District of North Carolina Case Nos. 3:09-MJ-76; 3:09-MJ-78; and 3:09-MJ-80. The *res* in this matter is contraband in both this civil action and in the criminal proceeding. The United States asserts that a stay is necessary to ensure that civil discovery in the present action does not adversely affect the Government's ability to pursue the related ongoing criminal investigation and criminal prosecution. Section 981(g) provides in relevant part:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
> . . .
> (4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

The criteria of section 981(g) are satisfied here. The ongoing criminal investigation and present civil judicial forfeiture action have a high degree of similarity because they involve the same parties, witnesses, facts, and circumstances. For example, the Affidavit of ICE Special Agent Brian Boze (Document No. 1-2) specifically refers to the criminal investigation of Omar Salem and Elizabeth Lopez. These same individuals filed claims in June 2009 after receiving notice of administrative forfeiture proceedings, and the United States anticipates that they will file claims in the present action as well. The United States indicates that the related criminal investigation is "in progress" at this time, as required by section 981(g)(4). Although formal charges have not yet been filed as

a result of that investigation, the United States indicates it is engaged in ongoing communications with Tony Scheer and Chris Fialko, attorneys for the administrative claimants (Omar Salem and Elizabeth Lopez), about the investigation and possible prosecution.

Moreover, based on the information of record in this case, it is readily apparent that civil discovery in this matter would adversely affect the ability of the government to conduct the related criminal investigation and any ensuing prosecution. See, e.g., *United States v. 3039.375 Pounds of Copper Coins, et al.*, Case 1:08-cv-00230-MR-DLH (pointing out that "[d]iscovery in a federal criminal case is governed by Rule 16, Federal Rules of Criminal Procedure, which does not allow the broad inquiry provided under Rule 26, Federal Rules of Civil Procedure") (citing *United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXX8359, in Name of Gold*, 456 F.Supp.2d 64, 65 (D.D.C. 2006)).

**IT IS, THEREFORE, ORDERED** that:

1. "Motion for Stay of Civil Forfeiture Proceedings" (Document No. 3) is **GRANTED**; this action, including all discovery, is **STAYED** until further Order of this Court;

2. The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Frank D. Whitney.

**IT IS SO ORDERED**.

Signed: October 1, 2009

David C. Keesler
United States Magistrate Judge